<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PING YIP, | : |
| Plaintiff, | : Civil Case No. 09-1293 (FSH) |
| v. | : **<u>OPINION & ORDER</u>** |
| HALLMARK GIFT LAND, et al., | : Date: September 24, 2009 |
| Defendants. | : |

<u>**HOCHBERG, District Judge**</u>

  This matter comes before the Court upon the parties' responses to this Court's Order to Show Cause of April 27, 2009, and upon the Motion to Dismiss filed by Defendant Hallmark Gift Land ("Hallmark") on May 15, 2009; and this Court having reviewed the written submissions of the parties pursuant to Fed. R. Civ. P. 78; and

  it appearing that on March 20, 2009, Plaintiff filed a Complaint asserting one count of patent infringement of U.S. Patent No. 6,6411170B2 pursuant to 35 U.S.C. § 271 and one count of "willful infringement of patent and premeditated violation of the law," (the "Second Action"); and

  it appearing that Plaintiff filed a similar Complaint on June 10, 2008 (08-cv-2876 (FSH)) (the "First Action"); and

1

it appearing that each defendant in the Second Action was also named as a defendant in Plaintiff's First Action;[1] and

it appearing that the First Action was resolved and dismissed as settled as to all litigants by an Order issued by this Court on September 22, 2008;[2] and

it appearing that Plaintiff moved to re-open the First Action on November 30, 2008 and again on January 30, 2009, and that this Court denied both requests in Orders filed January 12, 2009 and March 3, 2009, respectively;[3] and

---

[1] Plaintiff's claims against two of the Defendants in the instant action, La Toys Inc. and eTreasures Gifts, have already been dismissed, pursuant to stipulations filed with the Court on April 21, 2009, and May 21, 2009, respectively. Plaintiff's remaining claims are asserted against Defendants Amazon.com ("Amazon") and Hallmark. It appears Defendant Super Smarty Pants has never been served in this action.

[2] In an Order dated September 17, 2008, Magistrate Judge Patty Shwartz stated that Plaintiff and Hallmark had advised the Court by telephone that they had reached a resolution. On that basis, this Court issued an Order dated September 22, 2008, dismissing the First Action as settled as to all litigants without costs and without prejudice to the right, upon good cause shown within 60 days, to re-open the action if the settlement was not consummated. Plaintiff did not move to re-open the action within the 60 day period provided in the September 22 Order and, as a result, the dismissal order ripened into an appealable order on November 21, 2008 and, therefore, final judgment closing the First Action. *See Berke v. Bloch*, 242 F.3d 131, 135 (3d Cir. 2001) ("When a District Court dismisses a case pending settlement, and grants the [parties] leave to re-file within a set period of time, the order cannot be considered final for the purposes of appeal on the date it was entered. Typically, conditional dismissals based on imminent settlement include a fixed period of time to reach settlement terms. While these types of dismissals may keep the parties' "feet to the fire" by giving them a deadline to conclude settlement, they cannot be considered final. Instead, if terms are reached, and/or the plaintiff makes no attempt to re-open the litigation, the order ripens into a final, appealable order upon the expiration of the fixed time period.").

[3] Plaintiff moved to re-open the First Action on the grounds that Defendant Hallmark had lied to the Court during settlement negotiations and had submitted false certifications concerning sales of Plaintiff's products, particularly sales occurring after April 2008. Plaintiff did not challenge the settlement that had been reached with Amazon. This Court denied both motions to re-open as untimely, and for failure to set forth any good cause or excusable neglect for failing to timely move to re-open, as well as for failing to assert that the settlement had not been

it appearing that the dismissal (based upon settlement) of the First Action was a final appealable judgment on November 21, 2008, and was not appealed; and

it appearing that the denial of Plaintiff's two motions to reopen the dismissed case were final appealable orders on January 12, 2009 and March 3, 2009 and were not appealed; and

it appearing that Plaintiff commenced the Second Action shortly thereafter;[4] and

it appearing that on April 27, 2009, this Court ordered Plaintiff to explain why the instant Complaint should not be dismissed as barred by the settlements reached in Plaintiff's prior litigation; and

it appearing that Plaintiff filed a response on April 30, 2009, asserting that Amazon "continues promoting and marketing counterfeit products that infringe Plaintiff's patented products," and that "the evidence shows that Hallmark Gift Land gave false certifications and continues selling" infringing products; and

it appearing that Defendant Amazon responded to the April 27 Order to Show Cause in a Memorandum of Law in Support of Dismissing Plaintiff's Complaint filed on May 11, 2009, in

---

consummated upon its terms.  These decisions have not been timely appealed, and thus Plaintiff has exhausted her options for seeking to disturb the settlements reached in the First Action or challenge the negotiations that led to such settlements.

[4] Plaintiff's current Complaint was filed eleven days after the Court denied Plaintiff's second motion to re-open the First Action.  As noted, each defendant named in the Second Action was also named in the initial action, and Plaintiff's new Complaint seeks damages relating to infringement of the same patent at issue in Plaintiff's previous action, without stating any new facts for later occurring acts of infringement not encompassed by the settlement.
The Court also notes that Plaintiff is also pursuing a patent infringement action based upon the same patents against different defendants in cases currently pending before Hon. Katharine S. Hayden, U.S.D.J.  *Yip v. Hugs to Go, LLC*, No. 08-4746 (D.N.J. filed Sept. 23, 2008).  Plaintiff also pursued a copyright infringement action based upon the same products that was recently dismissed by Hon. Susan D. Wigenton, U.S.D.J.  *Yip v. Storch*, No. 08-2370 (D.N.J. filed May 13, 2008).

Case 2:09-cv-01293-FSH-PS   Document 29   Filed 09/25/09   Page 4 of 7 PageID: 196

which Amazon argues that any claims against it are precluded by the settlement reached by Plaintiff and Amazon in the First Action and the Settlement and Release Agreement reached by Plaintiff and Defendant La Toys in the Second Action;[5] and

it appearing that in response to the April 27 Order to Show Cause, Defendant Hallmark filed a motion to dismiss the Second Action on the grounds that Plaintiff's claims are barred by the doctrine of claim preclusion or res judicata;[6] and

it appearing that res judicata, or claim preclusion, applies not only to claims brought in a previous lawsuit, but also to claims which could have been brought in that suit and attaches if there has been (1) a final judgment on the merits in a previous lawsuit involving (2) the same parties or their privies and (3) a subsequent action based on the same cause of action, *Mullarkey v. Tamboer*, 536 F.3d 215, 225 (3d Cir. 2008) (citations omitted); and

it appearing that a settlement in a previous action may serve as a final judgment sufficient to preclude a subsequent action, *see, e.g., Perlstein v. Transamerica Occidental Life Ins. Co.*, No. 07-5782, 2008 WL 2837185 (D.N.J. July 21, 2008); *In re Prudential Ins. Co. Am. Sales Prac.*

---

[5] Amazon asserts that it never offered for sale any product at issue in this case; rather La Toys was a third-party merchant that sold the allegedly infringing products using Amazon's website as a platform. La Toys reached a settlement with Plaintiff in the Second Action that released "all merchant partner retailer[s] of merchandise of La Toys," which, therefore, had the effect of releasing all claims against Amazon itself. Plaintiff has not rebutted Amazon's assertions in any way.

[6] "Res judicata encompasses two preclusion concepts - issue preclusion, which forecloses litigation of a litigated and decided matter (often referred to as direct or collateral estoppel), and claim preclusion (or res judicata), which disallows litigation of a matter that has never been litigated but which should have been presented in an earlier suit." *Bierley v. Dombrowski*, No. 07-4483, 2009 WL 274155, (3d Cir. Feb. 3, 2009).

*Litig.*, 261 F.3d 355, 367 (3d Cir. 2001) (class settlement incorporated into final judgment and order has claim preclusive effect);[7] and

    it appearing that Plaintiff's claims against Amazon in the First Action were settled and dismissed with prejudice on October 8, 2008, and with respect to the Second Action, were settled as a result of the settlement with La Toys (*see supra* note 5); and

    it appearing that Plaintiff's claims against Hallmark in the First Action were settled and dismissed, initially without prejudice, on September 22, 2008, and that such dismissal ripened into a dismissal with prejudice upon the expiration of the 60-day period to re-open the action on November 21, 2008; and

    it appearing that to the extent the claims asserted in the Second Action concern acts of infringement that occurred prior to the date of Plaintiff's settlement with Hallmark, they were, or could have been, raised in the First Action and that a final judgment on the merits involving these same parties was reached; and

    it appearing that Plaintiff is, therefore, precluded from re-litigating in the Second Action claims against Hallmark concerning acts of infringement that occurred prior to the date of such settlements; and

    **IT IS** on this 24th day of September, 2009,

    **ORDERED** that this Second Action is dismissed as to Defendant Amazon; and it is further

---

[7] Similarly, under New Jersey law "[a] dismissal with prejudice 'constitutes an adjudication on the merits as fully and completely as if the order had been entered after a trial.'" *Feinsod v. Noon*, 261 N.J. Super. 82, 84 (App. Div.1992) (citations omitted).

**ORDERED** that, because no proof of service has been filed with regard to Defendant Super Smarty Pants and the 120-day deadline to effect service expired on July 20, 2009, and because Plaintiff is pro se in this matter, Plaintiff will be granted until **October 19, 2009** to effect service and file a Proof of Service as to Defendant Super Smarty Pants. If a Proof of Service as to this Defendant is not filed by **October 19, 2009**, this action will be dismissed as to Defendant Super Smarty Pants; and it is further

**ORDERED** that, to the extent that the Second Action alleges acts of infringement prior to September 22, 2008, or covered by the settlement agreement in the First Action, Defendant Hallmark's Motion to Dismiss the Second Action is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall have until **October 9, 2009** to state clearly what, if any, claims for infringement against Hallmark occurred after the September 22, 2008 settlement; and it is further

**ORDERED** that, because the complaint in the Second Action is currently deficient and does not meet the standards of Fed. R. Civ. P. 8(a),[8] to better enable the Court to understand what Plaintiff is alleging against Hallmark in the Second Action, Plaintiff shall, on or before **October 9, 2009**, submit a chart that:

>(1) identifies each individual Defendant (excluding La Toys, eTreasures Gifts, and Amazon) joined in this Second Action;

---

[8] Plaintiff is reminded that pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a pleading "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is designed to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's supplemental filing must, therefore, contain factual allegations about Defendant's activities that can support a cause of action and provide Defendants sufficient notice to enable preparation of a proper defense.

(2) includes a short and plain statement of each claim asserted against each such Defendant;

(3) includes a short and plain statement of the alleged acts of infringement done by each such Defendant with the date and location of each such act; and it is further

**ORDERED** that failure to timely submit the above-described filing will result in dismissal of the Second Action; and it is further

**ORDERED** that any Defendant identified in such filing who has been served as a Defendant in the Second Action shall respond to Plaintiff's filing on or before **October 26, 2009**.

                                                          **/s/ Hon. Faith S. Hochberg**
                                                          Hon. Faith S. Hochberg, U.S.D.J.